IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**JOANNA MOLINA**, individually, and on behalf of others similarly situated,

       Plaintiff,

vs.

**SHORE DINER, INC.**,

       Defendant.

Civil Case No.

**COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND**

Plaintiff Joanna Molina, individually and on behalf of all others similarly situated, by and through her attorneys Brown, LLC, hereby brings this Collective and Class Action Complaint against Defendant Shore Diner, Inc., and alleges upon information and belief, as follows:

**INTRODUCTION**

1. Plaintiff brings this action for herself and all other similarly situated collective members to recover unpaid minimum wage, unlawfully kept tips, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* and attendant regulations at 29 C.F.R. § 516, *et seq*.

2. Plaintiff also brings this action for herself and all other similarly situated Rule 23 class members to recover unpaid minimum wage, unlawfully kept tips, pre- and post- judgment interest, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the New Jersey Wage and Hour Laws and Regulations ("NJWHLR"), N.J.S.A. 34:11-56a *et seq.*

3. Defendant has operated as a restaurant "Shore Diner" in Atlantic County since

1

1992.[1]

4. Plaintiff and the putative FLSA collective and Rule 23 class members were tipped employees subjected to Defendant's unlawful common policies and practices including:

   a. failing to provide the tipped employees the FLSA required tip notice before availing itself of the FLSA 3(m) tip credit;[2]

   b. automatically deducting 25¢ per hour from the tipped employees' minimum cash wage for "meals," regardless of whether the tipped employees actually took the meals;

   c. unlawfully keeping the tips received from the customers without properly distributing them to the tipped employees; and

   d. failing to record all work time performed by the tipped employees, requiring them to work off the clock, and failing to pay them for all hours worked.

5. As a result of Defendant's unlawful common policies and practices, these tipped employees were not paid the statutorily mandated minimum wage; and they were divested of their rightfully earned tips.

6. Plaintiff asserts the FLSA claims on behalf of a putative FLSA collective, defined as:

> *All tipped employees of Defendant at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

7. Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all tipped employees of Defendant permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

8. Plaintiff asserts the NJWHLR claims on behalf of a putative class pursuant to Fed.

---

[1] *See* Defendant's website: http://www.shorediner.com/index.html (last accessed Nov. 12, 2018).
[2] *See* U.S. Department of Labor Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA) (Revised April 2018), *available at* https://www.dol.gov/whd/regs/compliance/whdfs15.htm (last accessed Nov. 12, 2018).

R. Civ. P. 23, defined as:

> *All tipped-employees of Defendant in the State of New Jersey at any time from two (2) years prior to the filing of this Complaint through the date of judgment.*

9. Defendant has willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq*.

11. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendant employed Plaintiff in this district and because a substantial portion of the events that give rise to the Plaintiff's claims occurred in this district.

## PARTIES

13. Defendant Shore Diner, Inc. ("Shore Diner") is a for-profit entity created and existing under and by virtue of the laws of the State of New Jersey.

14. Shore Diner maintains a principal place of business at 6710 Tilton Rd, Egg Harbor Township, NJ 08234.

15. Plaintiff Joanna Molina is a resident of the County of Atlantic and State of New Jersey.

16. Ms. Molina was employed by Defendant as a waitress from approximately

mid-December 2017 to May 2018 and July 2018 to August 2018.

17. Ms. Molina's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit A**.

## FACTUAL ALLEGATIONS

18. Defendant has operated and controlled an enterprise engaged in commerce as defined under the FLSA.

19. Defendant has generated over $500,000.00 in revenue per year.

20. Defendant has two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

21. Defendant has engaged in ordinary commercial activities within the meaning of the FLSA that result in sales made or business done.

22. Defendant was the "employer" of the tipped employees including Plaintiff within the meaning of 29 U.S.C. § 203(d), N.J.S.A. 34:11-56a1(g) and N.J.S.A. 34:11-4.1a.

23. The tipped employees including Plaintiff were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1), N.J.S.A. 34:11-56a1(h) and N.J.S.A. 34:11-4.1b.

24. Defendant "suffered or permitted" the tipped employees including Plaintiff to work and thus "employed" them within the meaning of 29 U.S.C. §203(g) and N.J.S.A. 34:11-56a1(f).

25. Defendant, directly or indirectly, hired the tipped employees including Plaintiff and determined the rate and method of the payment of their wages.

26. Defendant controlled the work schedules, duties, protocols, applications, assignments and conditions of employment of the tipped employees including Plaintiff.

27. The tipped employees including Plaintiff regularly received more than $30 per


month in tips.

28. Under the federal and New Jersey wage and hour laws, an employer must pay its tipped employees at least a minimum cash wage of $2.13 an hour.[3]

29. Defendant availed itself of the tip credit and paid the tipped employees including Plaintiff the minimum cash wage of $2.13 an hour, as opposed to the standard New Jersey minimum wage of $8.60 an hour.

30. Under the FLSA, the employer must provide the following information to the tipped employees *before* the employer may use the FLSA 3(m) tip credit:

1) the amount of cash wage the employer is paying a tipped employee, which must be at least $2.13 per hour;

2) the additional amount claimed by the employer as a tip credit, which cannot exceed $5.12 (the difference between the minimum required cash wage of $2.13 and the current minimum wage of $7.25);

3) that the tip credit claimed by the employer cannot exceed the amount of tips actually received by the tipped employee;

4) that all tips received by the tipped employee are to be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and

5) that the tip credit will not apply to any tipped employee unless the employee has been informed of these tip credit provisions.[4]

31. Defendant failed to inform the tipped employees including Plaintiff "in advance of [its] use of the tip credit of the provisions of section 3(m) of the Act, i.e.: The amount of the cash wage that is to be paid to the tipped employee by the employer; the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee;

---

[3] *See id.*; New Jersey Department of Labor Workforce Development website: Wage and Hour Compliance FAQs at https://www.nj.gov/labor/wagehour/content/wage_and_hour_compliance_faqs.html#q1 (last accessed Nov. 12, 2018).

[4] *See supra* n. 2, U.S. Department of Labor Fact Sheet #15.

that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and that the tip credit shall not apply to any employee who has not been informed of these requirements in this section." 29 C.F.R. § 531.59(b).

32. Defendant implemented a policy of automatically deducting 25¢ per hour from the tipped employees' minimum cash wage for "meals," regardless of whether the tipped employees actually took the meals.

33. When tipped employees did not take the meals provided by Defendant, Defendant nonetheless deducted 25¢ per hour from their minimum cash wage.

34. Plaintiff's paystub shows Defendant paid the minimum cash wage of $1.88 (after deduction of 25¢ for "meals") per hour.

35. The payroll records will show that tipped employees were paid $1.88 an hour.

36. Defendant regularly took away 10% of the total customer tips from the tipped employees including Plaintiff.

37. Management claimed the 10% of the tips taken away were distributed to the bussers.

38. However, Plaintiff was informed by the bussers that they did not receive any such tips.

39. Defendant unlawfully kept the tips received from the customers without properly distributing them to the tipped employees.

40. Defendant failed to record all work time performed by the tipped employees including Plaintiff.

41. Defendant required the tipped employees including Plaintiff to work off the

6

clock.

42. Defendant failed to pay the tipped employees including Plaintiff for all hours worked.

43. On multiple occasions, Defendant, through its management, "cut" Plaintiff's shift as a waitress but required Plaintiff to continue performing work – bussing some tables and doing side work – for approximately 30 to 45 minutes, as a condition for her eligibility to share the tips received from the tables she was serving.

44. Defendant failed to record Plaintiff's work time bussing tables and doing side work after she was "cut" from serving the tables.

45. Defendant had Plaintiff work of the clock bussing tables and doing side work after she was "cut" from serving the tables.

46. Defendant failed to pay Plaintiff for time bussing tables and doing side work after she was "cut" from serving the tables.

47. As a result of Defendant's unlawful common policies and practices, the tipped employees of Defendant were not paid the statutorily mandated minimum wage; and they were divested of their rightfully earned tips.

48. Defendant failed to post a notice explaining the minimum wage and overtime pay rights provided by FLSA in any area of its business facility where Plaintiff was employed, in violation of 29 C.F.R. §516.4.

49. Defendant failed to post a summary explaining the minimum wage and overtime pay rights provided by the NJWHL in any area of their business facility where Plaintiff was employed, in violation of N.J.S.A. 34:11-56a21.

50. Defendant's wrongful acts and/or omissions/commissions, as alleged herein, were

not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments.

51. Defendant's violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

52. Plaintiff re-alleges and incorporates all previous paragraphs herein.

53. Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf of all tipped employees who have been affected by Defendant's unlawful common policies and practices which include failing to properly pay minimum wage and unlawfully retaining tips, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq*.

*54.* Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

> *All tipped employees of Defendants at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

55. Plaintiff brings this collective action against Defendant to recover unpaid minimum wage, unlawfully kept tips, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

56. The collective action further alleges a willful violation of the FLSA and seeks an additional, third year of limitations.

57. Plaintiff seeks to send Notice to all tipped employees of Defendant permitting them to assert FLSA claims in this collective action by filing their individual consent forms, as provided by 29 U.S.C. § 216(b) and supporting case law.

58. Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because they were subject to the same or similar unlawful practices and policies as stated herein and their claims are based upon the same factual and legal theories.

59. The employment relationships between Defendant and every collective member are the same and differ only by name, location, and rate of pay.

60. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendant's records.

61. Plaintiff and the putative FLSA collective members demand a trial by jury.

## RULE 23 CLASS ACTION ALLEGATIONS

62. Plaintiff re-alleges and incorporates all previous paragraphs herein.

63. Plaintiff also seeks to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, for and on behalf all tipped employees who have been affected by Defendant's unlawful common policies and practices which include failing to pay minimum wage and unlawfully retaining tips, in violation of the New Jersey Wage and Hour Laws and Regulations ("NJWHLR"), N.J.S.A. 34:11-56a *et seq*.

64. Plaintiff brings this Rule 23 class action as to the NJWHLR claims on behalf of:

> *All tipped employees of Defendant in the State of New Jersey at any time from two (2) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

65. Plaintiff brings this Rule 23 class action as to the NJWHLR claims against Defendant to recover unpaid minimum wage, unlawfully kept tips, pre- and post- judgment interest, and reasonable attorneys' fees and costs pursuant to N.J.S.A. 34:11-56a25 and 12:56-1.5.

66. The members of the Rule 23 class are so numerous that joinder of all class members in this case would be impractical. The Rule 23 class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

67. There is a well-defined community of interest among the Rule 23 class members and common questions of law and fact predominate in this action over any questions affecting each individual class member. These common legal and factual questions, include, but are not limited to, the following: whether the Rule 23 class members were properly compensated minimum wage and whether Defendant unlawfully retained tips without distributing them to the Rule 23 class members.

68. Plaintiff's claims are typical of those of the Rule 23 class members in that they and all other class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. All of the class members were subject to the same corporate practices of Defendant, as alleged herein. Any lawsuit brought by an employee of Defendant would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

69. Plaintiff was employed by Defendant in the same capacity as all of the class members. All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay minimum wage and unlawfully retaining tips. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

70. Plaintiff will fully and adequately protect the interests of the class members and have retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiff and his counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

71. Defendant's corporate-wide policies and practices affected all class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claim arises from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and her counsel know of no unusual difficulties in this case.

72. Plaintiff and the Rule 23 class members demand a trial by jury.

## COUNT I
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.
### [Failure to Pay Minimum Wage]

73. Plaintiff re-alleges and incorporates all previous paragraphs herein.

74. Defendant failed to provide Plaintiff and the FLSA collective members the FLSA required tip notice before availing itself of the FLSA 3(m) tip credit.

75. Defendant implemented a policy of automatically deducting 25¢ per hour from the minimum cash wage for "meals," regardless of whether Plaintiff and the FLSA collective members actually took the meals.

76. Defendant failed to record all work time performed by Plaintiff and the FLSA collective members.

77. Defendant required Plaintiff and the FLSA collective members to work off the clock.

78. Defendant failed to properly compensate Plaintiff and the FLSA collective members for all hours worked as alleged herein.

79. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

80. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

81. As a result of Defendant's unlawful common policies and practices described above, Plaintiff and the FLSA collective members were illegally deprived of minimum wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## COUNT II
**Violation of the New Jersey Wage and Hour Laws and Regulations, N.J.S.A. 34:11-56a,** *et seq.*
**[Failure to Pay Minimum Wage]**

82. Plaintiff re-alleges and incorporates all previous paragraphs herein.

83. Defendant implemented a policy of automatically deducting 25¢ per hour from the minimum cash wage for "meals," regardless of whether Plaintiff and the Rule 23 class members actually took the meals.

84. Defendant failed to record all work time performed by Plaintiff and the Rule 23 class members.

85. Defendant required Plaintiff and the Rule 23 class members to work off the clock.

86. Defendant failed to properly compensate Plaintiff and the Rule 23 class members for all hours worked as alleged herein.

87. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

88. As a result of Defendant's unlawful common policies and practices described above, Plaintiff and the Rule 23 class members were illegally deprived of minimum wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to N.J.S.A. 34:11-56a25 and 12:56-1.5.

## COUNT III
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.
### [Unlawful Tip Retention]

89. Plaintiff re-alleges and incorporates all previous paragraphs herein.

90. Defendant failed to provide Plaintiff and the FLSA collective members the FLSA required tip notice before availing itself of the FLSA 3(m) tip credit.

91. Pursuant to the amendment to the Fair Labor Standards Act (FLSA) in the omnibus budget bill, "Consolidated Appropriations Act, 2018," enacted on March 23, 2018, employers "may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C. § 203(m)(2)(B).

92. Fact Sheet # 15 of the U.S. Department of Labor concerning the application of the FLSA to employees who receive tips provides that "[a] tip is the sole property of the tipped employee regardless of whether the employer takes a tip credit."   *See* Fact Sheet # 15 (Revised April 2018).

93. Defendant regularly took away 10% of the total customer tips from Plaintiff and the FLSA collective members.

94. Defendant unlawfully kept the tips received from the customers without properly distributing them to Plaintiff and the FLSA collective members.

95. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

96. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

97. As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the FLSA collective members were illegally deprived of tips earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## COUNT IV
### Violation of the New Jersey Wage and Hour Laws and Regulations, N.J.S.A. 34:11-56a, *et seq.* [Unlawful Tip Retention]

98. Plaintiff re-alleges and incorporates all previous paragraphs herein.

99. N.J.S.A.12:56-8.4 (b) provides that "[g]ratuities shall be the property of the tipped employee."

100. Defendant regularly took away 10% of the total customer tips from Plaintiff and the Rule 23 class members.

101. Defendant unlawfully kept the tips from received from the customers without properly distributing them to Plaintiff and the Rule 23 class members.

102. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

103. As a result of Defendant's unlawful common policies and practices described above, Plaintiff and the Rule 23 class members were illegally deprived of tips earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, pre and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to N.J.S.A. 34:11-56a25 and 12:56-1.5.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

(A) A declaratory judgment that Defendant's wage practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B) A declaratory judgment that Defendant's wage practices alleged herein violate the New Jersey Wage and Hour Laws and Regulations, N.J.S.A. 34:11-56a *et seq.*;

(C) An Order for injunctive relief ordering Defendant to comply with the FLSA and NJWHLR, and end all of the illegal wage practices alleged herein;

(D) Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(E) Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the NJWHLR claims set forth herein;

(F) Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(G)  Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(H)  Designating Lead Plaintiff as the representatives of the FLSA collective and Rule 23 class in this action;

(I)  Designating the undersigned counsel as counsel for the FLSA collective and Rule 23 Class in this action;

(J)  Judgment for damages for all unpaid minimum wages, unlawfully kept tips and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(K)  Judgment for damages for all unpaid minimum wages, unlawfully kept tips and pre- and post- interest to which Plaintiff and the Rule 23 class members are lawfully entitled under the NJWHLR, N.J.S.A. 34:11-56a *et seq.*;

(L)  An incentive award for the Lead Plaintiff for serving as representative of the FLSA collective and Rule 23 class in this action;

(M)  An award for reasonable attorneys' fees and costs in connection with this action as provided for by the FLSA and NJWHLR;

(N)  Judgment for any and all civil penalties to which Plaintiff and the FLSA collective and Rule 23 class members may be entitled; and

(O)  Such other and further relief as to this Court may deem necessary, just and proper.

## **JURY DEMAND**

Plaintiff, individually and on behalf of all other FLSA collective and Rule 23 class members, by and through his attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: November 19, 2018  /s/ *Jason T. Brown*
Jason T. Brown
Nicholas Conlon
Ching-Yuan ("Tony") Teng (to seek *pro hac vice*)
**BROWN, LLC**
111 Town Square Place
Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com
tonyteng@jtblawgroup.com

*Attorneys for Plaintiff*