Russell L. Lichtenstein, Esquire (4996)
Amy E. Rudley, Esquire (2017)
COOPER LEVENSON, P.A.
1125 Atlantic Avenue - 3rd Floor
Atlantic City, NJ 08401
Telephone: (609) 344-3161
Facsimile: (609) 344-0939
rlichtenstein@cooperlevenson.com
Attorney for Defendant, Shore Diner, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOANNA MOLINA, individually, and on behalf of others similarly situated, | : : : | |
| Plaintiff, | : : | Civil Action No. |
| v. | : : | 1:18-cv-16266 NLH/JS |
| SHORE DINER, INC., | : : | **ANSWER TO PLAINTIFF'S COMPLAINT** |
| Defendant. | : : : | |

Defendant, Shore Diner, Inc., by way of Answer to Plaintiff's Complaint, hereby says as follows:

INTRODUCTION

1.      This answering party denies any violation of the Fair Labor Standards Act and, therefore, denies the allegations of this paragraph of Plaintiff's Complaint.

2.      This answering party denies any violation of New Jersey Wage and Hour Laws and, therefore, denies the allegations contained in this paragraph of Plaintiff's Complaint.

3.      Admitted.

4.      Denied.

5.      Denied.

6.    Denied.

7.    Denied insofar as this answering party denies any violation of either the Fair Labor Standards Act or New Jersey Wage and Hour Laws.

8.    Denied insofar as this answering party denies any violation of either the Fair Labor Standards Act or New Jersey Wage and Hour Laws.

9.    Denied.

### JURISDICTION AND VENUE

10.   Denied insofar as this answering party denies any violation of the FLSA.

11.   Denied insofar as there is no original jurisdiction and, further denied insofar as there is no violation of New Jersey Wage and Hour Laws.

12.   Denied insofar as there is no subject matter jurisdiction in the United States District Court.

### PARTIES

13.   Admitted.

14.   Admitted.

15.   This answering party is without information sufficient to form a belief as to this individual's current residential address and, therefore, leaves Plaintiff to her proofs.

16.   It is admitted that Joanna Molina was employed during certain times by this answering party.

17.   It is admitted that attached to the Complaint was a document entitled "Consent to Sue." This answering party does not know if this document is authentic as it does not appear to contain a legitimate signature.

FACTUAL ALLEGATIONS

18.    Admitted.

19.    Admitted.

20.    Admitted.

21.    Admitted.

22.    Admitted.

23.    Admitted.

24.    Admitted.

25.    Admitted.

26.    Admitted.

27.    Denied.

28.    Denied as stated.

29.    Denied as stated.

30.    Denied insofar as the recitation contained in this paragraph of Plaintiff's Complaint is an incomplete and/or inaccurate recitation of the various provisions of the Fair Labor Standards Act.

31.    Denied.

32.    Denied as stated. It is admitted that certain tipped employees were charged 25¢ per hour of work as the reasonable value of the food that they consumed during any work week. This practice is appropriate and authorized by law.

33.    Denied as stated. It is admitted that certain tipped employees were charged 25¢ per hour of work as the reasonable value of the food that they consumed during any work week. This practice is appropriate and authorized by law.

34.     Denied.

35.     Denied.

36.     Denied as stated.  10% of tips collected by certain tipped employees were used to "tip-out" other tipped employees, specifically those individuals performing bus person responsibilities.

37.     The tip-out money was provided to bussers.

38.     This answering party has no knowledge of what Plaintiff claims to have been told by other employees.  Nonetheless, the tip-out money was provided to bussers on all occasions.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

## COLLECTIVE ACTION ALLEGATIONS

52.     This answering party repeats and incorporates its responses to each and every allegation contained in Plaintiff's Complaint as if more fully set forth herein.

53.     Denied insofar as this answering party denies any violation of the Fair Labor Standards Act.

54.     Denied insofar as this answering party denies any violation of the Fair Labor Standards Act.

55.     Denied insofar as this answering party denies any violation of the Fair Labor Standards Act.

56.     Denied insofar as this answering party denies any willful or other violation of the Fair Labor Standards Act.

57.     No response to this paragraph of Plaintiff's Complaint is necessary.  Nonetheless, this answering party denies any right to "seek to send notices" as there is no violation of the Fair Labor Standards Act in connection with this Plaintiff's employment with this answering party.

58.     Denied.

59.     Denied.

60.     Denied.

61.     No response to this paragraph of Plaintiff's Complaint is necessary.

## RULE 23 CLASS ACTION ALLEGATIONS

62.     This answering party repeats and incorporates its responses to each and every allegation contained in Plaintiff's Complaint as if more fully set forth herein.

63.     Denied insofar as this answering party denies any violation of the New Jersey Wage and Hour Law.

64.     Denied insofar as this answering party denies any violation of the New Jersey Wage and Hour Law.

65.     Denied insofar as this answering party denies any violation of the New Jersey Wage and Hour Law.

66.     Denied.

67.     Denied insofar as this answering party denies any violation of the New Jersey Wage and Hour Law.

68.     Denied insofar as this answering party denies any violation of the New Jersey Wage and Hour Law.

69.     It is admitted that during certain time periods relevant to this matter Plaintiff was employed by this answering party.  The remainder of this paragraph of Plaintiff's Complaint is denied.

70.     Denied.

71.     Denied.

72.     No response to this paragraph of Plaintiff's Complaint is necessary.

## COUNT I
### Violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*
### [Failure to Pay Minimum Wage]

73.     This answering party repeats and incorporates its responses to each and every allegation contained in Plaintiff's Complaint as if more fully set forth herein.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

## COUNT II
Violation of the New Jersey Wage and Hour Laws and Regulations,
N.J.S.A. 34:11-56a, *et seq.*
[Failure to Pay Minimum Wage]

82.     This answering party repeats and incorporates its responses to each and every

allegation contained in Plaintiff's Complaint as if more fully set forth herein.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

## COUNT III
Violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*
[Unlawful Tip Retention]

89.     This answering party repeats and incorporates its responses to each and every

allegation contained in Plaintiff's Complaint as if more fully set forth herein.

90.     Denied.

91.     Denied insofar as this paragraph of Plaintiff's Complaint inaccurately and/or

incompletely sets forth the cited portion of the Fair Labor Standards Act and otherwise denied.

92.     Denied insofar as this paragraph of Plaintiff's Complaint inaccurately and/or

incompletely sets forth the cited portion of the Fair Labor Standards Act and otherwise denied.

7

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

COUNT IV
Violation of the New Jersey Wage and Hour Laws and Regulations,
N.J.S.A. 34:11-56a, *et seq.*
[Unlawful Tip Retention]

98.     This answering party repeats and incorporates its responses to each and every allegation contained in Plaintiff's Complaint as if more fully set forth herein.

99.     Denied insofar as this citation to the law is both inaccurate and incomplete.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

SEPARATE DEFENSES

1.      Plaintiff's Complaint, or portions thereof, fails to state a claim upon which relief can be granted.

2.      Plaintiff's Complaint, or portions thereof, is barred by the applicable limitations period set forth in both Federal and New Jersey law.

3.      Plaintiff's Complaint, or portions thereof, is barred by the applicable limitations period set forth in the Portal-to-Portal Act, 29 U.S.C. §255.

4.      While this answering party denies any and all liability under or within the meaning of the Fair Labor Standards Act, Plaintiff's claims are nonetheless further barred by the

provisions of the Portal-to-Portal Act, 29 U.S.C. §260 because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

5.      This answering party asserts that Plaintiff's claims are barred insofar as Plaintiff, and all similarly situated individuals, have received any and all compensation to which they are entitled under the FLSA.

6.      This answering party asserts that to the extent that any insubstantial or insignificant periods of recorded working time beyond the scheduled working hours of Plaintiffs, which as a practical administrative matter cannot be recorded precisely for payroll purposes, are *de minimus* and may be properly disregarded for payroll purposes in accordance with 29 CFR §785.47.

7.      This answering party asserts that Plaintiffs are not similarly situated with any other person or persons for purposes of the FLSA or the New Jersey Wage and Hour Laws and Regulations.

8.      Defendant invokes all of the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* and of the New Jersey Wage and Hour Laws and Regulations.

9.      At all times, Defendant acted in good faith and had reasonable grounds for believing its actions were in compliance with the FLSA and New Jersey Wage and Hour Laws and Regulations.

10.     This action is barred to the extent that Plaintiff seeks recovery for time that is not compensable time under the FLSA and/or New Jersey Wage and Hour Laws and Regulations.

11.     The Plaintiff has failed to mitigate any alleged damages.

12.     Plaintiff's claims are barred by the Doctrines of Waiver, Estoppel and/or Laches.

## JURY DEMAND

Trial by jury is hereby demanded as to all issues set forth herein.

## CERTIFICATION

It is hereby certified that a copy of the within pleading was served upon Jason T. Brown, Esquire, attorney for Plaintiff via electronic filing.

## NOTICE OF TRIAL COUNSEL

PLEASE BE NOTIFIED that Russell L. Lichtenstein, Esquire, is hereby designated as trial counsel in the above-captioned litigation on behalf of the firm of Cooper Levenson, P.A.

COOPER LEVENSON, P.A.

By: _____

Dated: December 28, 2018

Russell L. Lichtenstein, Esquire
Amy E. Rudley, Esquire
Attorneys for Defendant, Shore Diner, Inc.